IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 02-159-01-CR-W-NKL |
| SHAHID R. PRATT, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
11-10-02
L. WHUNE, CLK.
U.S. DISTRICT COURT
WEST DISTRICT
OF MISSOURI

## ORDER

On September 27, 2002, Judge Sarah W. Hays, United States Magistrate Judge, recommended that Defendant's Motion to Suppress Illegally Obtained Evidence and Statements (Doc. 16) be denied. The Magistrate's Report and Recommendation found that the arresting officers, Officer Snyder and Officer Melkowski, had reasonable suspicion to stop and then to frisk the Defendant. The parties were advised that they could file written exceptions to the recommendation within ten days. Defendant filed objections on October 4, 2002. After a de novo review of the record, including the complete transcript from the suppression hearing held on September 9, 2002, the Court is convinced that the recommendation of the Magistrate Judge is correct and should be adopted, including the Magistrate Judge's proposed findings of fact.

The Defendant's first objection is that there was not reasonable suspicion for Officer Melkowski to reach into the Defendant's pocket to seize the objects discovered during a pat down frisk. The Defendant argues that the character of the object was not

immediately apparent to the officer's touch and the officer only had a hunch that the items might be a weapon. The record indicates, however, that Officer Melkowski, the officer conducting the pat-down search, testified that he "felt tube-like objects in [the Defendant's] left front pants pocket that made like a metallic sound when I put my hand over them. So, I immediately thought that was a weapon." (Tr. at 22.)

The Defendant cites *United States v. Tovar-Valdivia*, 193 F.3d 1025 (8th Cir. 1999), for the argument that, to have probable cause to arrest, the officers needed to know what the objects were. In *Tovar-Valdivia*, since the officers did not know what the bulges were after touching them, the officers did not have probable cause to arrest the Defendant. However, in the current case, Officer Melkowski immediately thought that the tube-like objects were weapons. In *Tovar-Valdivia*, 193 F.3d at 1028, the officer testified that after touching the bulges, he still did not know what the bulges were; all he knew was that they were not a part of the Defendant's anatomy. The officer did not immediately suspect the objects were weapons. The *Tovar-Valdivia* case is therefore distinguishable. Officer Melkowski's protective search did not go beyond what is necessary to determine if the suspect is armed. The officer detected a metal cylinder that might have been a weapon and he was justified in reaching into the Defendant's pants to determine whether the Defendant possessed a weapon. Because the officer's actions were valid, this Court agrees with Judge Hays' Report and Recommendation that the motion to suppress be denied.

The Defendant also argues that the officers were unable to articulate any

particular weapon which met the characteristics of what was felt during the pat-down frisk of the Defendant. However, both officers testified as to what weapons they thought the bulge might have been. Officer Melkowski stated that he thought the objects in the pocket could be the barrel end of a snob nose gun or a broken down weapon. (Tr. at 26.) His partner, Officer Snyder, testified that the object could have been a small pocket knife or a specialization weapon such as a flashlight that is also a gun, which they have received information about in their roll calls. (Tr. 15.)

Defendant's second objection is that the officers arrested him when they handcuffed him. This Court disagrees that the Defendant was placed under arrest when the handcuffs were used. "A police officer may take steps reasonably necessary to protect his or her personal safety and the safety of others and to maintain the status quo of a situation while verifying or dispelling suspicion in a short period of time." *United States v. Seelye*, 815 F.2d 48, 50 (8th Cir. 1987). In conducting an investigative stop and checking for possible weapons, officers must employ the least intrusive means of detention reasonably necessary to achieve the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500 (1983). Using handcuffs may be a reasonable precaution, and the least intrusive means of detention, during a *Terry* stop. *United States v. Navarette-Barron*, 192 F.3d 786, 790 (8th Cir. 1999); *United States v. Miller*, 974 F.2d 953, 957 (8th Cir. 1992).

In this case, the officers suspected the Defendant of being involved in drug activity that frequently involves weapons, had been previously told the Defendant could

be armed from the dispatcher, had previous dealings with the Defendant, knew that the Defendant had not responded to verbal commands during this incident, and saw the Defendant turn his back to the officer and place both of his hands into his front pants pockets. Further, the Defendant refused to remove his hands from his pockets after the officers requested he do so. Placing handcuffs on the Defendant while conducting the protective pat down frisk was the least intrusive means of detention during the *Terry* stop.

Accordingly, it is hereby

ORDERED that Judge Hays' Report and Recommendation of September 27, 2002, is adopted and Defendant's Motion to Suppress Illegally Obtained Evidence and Statements (Doc. 16) is DENIED.

NANETTE K. LAUGHREY
United States District Judge

Dated: _11 - 10 - 02_
Kansas City, Missouri